FILED
2026 Oct-01 AM 09:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TIMMY WARREN,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 7:25-cv-2236-CLS** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Claimant, Timmy Warren, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance benefits, and supplemental security income.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ did not properly consider claimant's subjective symptoms when determining his residual functional capacity.

The ALJ found that claimant suffered from the following severe impairments that significantly limited his ability to perform basic work activities: cardiomyopathy; and, essential hypertension.[1]

After reviewing the medical evidence, claimant's hearing testimony, and the testimony of the vocational expert, the ALJ found that claimant retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that: the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk, with normal breaks, for 6 hours in an 8-hour workday; he can sit, with normal breaks, for 6 hours in an 8-hour workday; he can tolerate occasional exposure to extreme hot, humidity, fumes, odors, dusts, gases, and poor ventilation; and he should never work at unprotected heights or around dangerous moving unguarded machinery.

Tr. at 15. Claimant contends that the residual functional capacity did not reflect the limitations caused by his subjective symptoms.

To demonstrate that a subjective symptom renders him disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective

[1] Tr. 13.

medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged [symptom].'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (alterations supplied) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of a symptom, "he must articulate explicit and adequate reasons" for doing so. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). The ALJ in the present case properly applied those legal principles.

The ALJ observed that claimant has a history of cardiomyopathy and hypertension, and that he required emergency care for those conditions on two occasions.[2] She noted, however, that claimant's health and symptoms improved with medication while he was hospitalized, and that follow-up visits with his cardiologist showed a normal heart rate, sinus rhythm, and blood pressure.[3] The ALJ observed that claimant's primary care physician reported in December of 2024 that claimant's ejection fraction improved to 50 percent, with normal blood pressure, and that he

[2] Tr. 16.

[3] *Id.*

denied experiencing chest pain, headaches, orthopnea, or shortness of breath.[4] She opined that, while claimant's medically determinable impairments could reasonably be expected to cause the symptoms that he alleged, his statements concerning the intensity, persistence, and limiting effects of his symptoms were only partially consistent with the medical evidence and other evidence in the record.[5] The ALJ reached that conclusion after thorough consideration of claimant's testimony and all of the objective medical evidence of record, and articulated adequate reasons for not fully crediting claimant's subjective complaints.[6] *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)). While claimant takes issue with the ALJ's identification of claimant's work-precluding symptoms as "shortness of breath and dizziness," rather than as chest pain and fatigue, the ALJ specifically noted claimant's testimony about those symptoms immediately preceding discussion of the objective medical evidence.

Accordingly, the ALJ's conclusion was supported by substantial evidence, in accordance with applicable law, and the decision of the Commissioner is affirmed.

---

[4] *Id.*

[5] *Id.*

[6] Tr. at 16-17.

A final judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 1st day of October, 2026.

Senior United States District Judge